*EXHIBIT A*

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

# SUPERIOR COURT

## SUMMONS

| | Civil Action File Number<br>PC-2018-2670 |
|---|---|
| **Plaintiff**<br>Andrea Cambio<br>v.<br>**Defendant**<br>Interstate Electrical Services Corporation | Attorney for the Plaintiff or the Plaintiff<br>Sonja L. Deyoe |
| | Address of the Plaintiff's Attorney or the Plaintiff<br>LAW OFFICES OF SONJA L DEYOE<br>395 SMITH STREET<br>PROVIDENCE RI  02908 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI  02903<br>(401) 222-3250 | Address of the Defendant<br>70 Treble Cove Road<br>Billerica MA  01822 |

**TO THE DEFENDANT, Interstate Electrical Services Corporation:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| This Summons was generated on 4/19/2018. | /s/ Henry Kinch<br>Clerk |
|---|---|

Witness the seal/watermark of the Superior Court

A True Copy Attest
Vincent T. Vacca
#1402 Date 6/19/18

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| **Plaintiff**<br>Andrea Cambio<br>   v.<br>**Defendant**<br>Interstate Electrical Services Corporation | **Civil Action File Number**<br>PC-2018-2670 |

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Interstate Electrical Services Corporation, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
   Name of person of suitable age and discretion _____
   Address of dwelling house or usual place of abode _____
   _____
   Age _____
   Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
   Name of authorized agent _____
   If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
   _____

☐ With a guardian or conservator of the Defendant.
   Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
   Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| |
|---|
| Upon a private corporation, domestic or foreign:<br>☐ By delivering said papers to an officer or a managing or general agent.<br>  Name of person and designation _____<br>☐ By leaving said papers at the office of the corporation with a person employed therein.<br>  Name of person and designation _____<br>☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.<br>  Name of authorized agent _____<br>  If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.<br>  _____ |
| ☐ I was unable to make service after the following reasonable attempts: _____<br>_____ |
| SERVICE DATE: ___/___/___     SERVICE FEE $ _____<br>                    Month  Day  Year<br>Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE |
| SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.<br><br>_____<br>Signature<br><br>State of _____<br>County of _____<br><br>   On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.<br>                                              Notary Public: _____<br>                                              My commission expires: _____<br>                                              Notary identification number: _____ |

SC-CMS-1 (revised July 2014)



SC-CMS-1 (revised July 2014)

Case Number: PC-2018-2670
Filed in Providence/Bristol County Superior Court
Submitted: 4/19/2018 2:37:07 PM
Envelope: 1504988
Reviewer: Lynn G.

STATE OF RHODE ISLAND  SUPERIOR COURT
PROVIDENCE, S.C.,

ANDREA CAMBIO

v.  P.C.18-

INTERSTATE ELECTRICAL
SERVICES CORPORATION.

## COMPLAINT

1. The Plaintiff ANDREA CAMBIO is a resident of the Town of Coventry, County of Providence, State of Rhode Island at all times relevant hereto.

2. The Defendant INTERSTATE ELECTRICAL SERVICES CORPORATION is a Massachusetts Corporation with its primary place of business located at 70 Treble Cove Road, Billerica.

3. The Defendant employed the Plaintiff between the periods of on or about July 7, 2014 until on or about December 1, 2017 at its East Providence, Rhode Island location. This constitutes a period of more than 12 months total.

4. The Defendant INTERSTATE ELECTRICAL SERVICES CORPORATION employs more than 75 people within fifty miles of the location where the Plaintiff was employed.

5. Defendant INTERSTATE ELECTRICAL SERVICES CORPORATION, operates in Rhode Island and has a registered agent for service in Rhode Island making personal jurisdiction over it proper in this court.

6. On or about September 2015, the Plaintiff's mother had a stroke, causing her to have significant neurological, strength, and ambulatory difficulties and began requiring additional care from the Plaintiff.

7. The Plaintiff and her supervisor had discussed her need to adjust her schedule and where necessary to leave work with said leave been protected under the FMLA.

8. The Plaintiff was allowed to take intermittent leave for a 12 week period of time under the FMLA until on or about December 1, 2017 but thereafter was told by Human Resources Louiza Mills barred her from taking any leave and instead told that either she work the normal 7:00 to 4:00 p.m. hours of her position or she would be fired. Plaintiff took a one hour lunch.

9. Plaintiff had, during the time of her intermittent leave changed her schedule to 7:00 a.m. to 3:00 p.m. with a half hour lunch.

1

Case Number: PC-2018-2670
Filed in Providence/Bristol County Superior Court
Submitted: 4/19/2018 2:37:07 PM
Envelope: 1504988
Reviewer: Lynn G.

10. Plaintiff resigned from her position instead of being fired on or about December 1, 2017.

11. The reason the Plaintiff sought leave is a protected reason under the FMLA.

12. During all times of the applicable intermittent leave period from on or about September 1, 2017 to the date of her termination, the Plaintiff worked more than 1250 hours for the Defendant.

13. The Plaintiff was never designated as a key employer or and employer that was otherwise exempt from FMLA protections by the Defendant.

14. The Plaintiff's constructive termination from the Defendant was wrongful under the FMLA.

15. The Plaintiff was eligible for many weeks of intermittent protected leave at the time she was terminated.

16. While working for the Defendant, the Plaintiff was entitled to salary and benefits from the Defendant.

17. As a result of the Defendant's actions, the Plaintiff has suffered lost wages, lost benefits, incurred attorney's fees and job search fees.

WHEREFORE, As a result of her wrongful termination, in violation of the Family Medical Leave Act, the Plaintiff seeks the following:

    a. Reinstatement into her former position,
    b. Restoration of any seniority rights,
    c. Restoration of all benefits owed to the Plaintiff,
    d. Payment for wages lost by the Plaintiff during the period of her wrongful termination, which exceed the $5,000.00 jurisdictional threshold of this Court,
    e. Attorney's fees,
    f. Cost,
    g. An award of liquidated damages
    h. Such other relief as may be ordered by the Court.

COUNT II.
R.I.G.L. § 42-112-1
Age Discrimination

18. The previous allegations of the complaint are hereby realleged and incorporated by reference as if set forth in full.

19. During the course of the Plaintiff's employment she was subjected to a hostile environment by the Defendant due to her age.

Case Number: PC-2018-2670
Filed in Providence/Bristol County Superior Court
Submitted: 4/19/2018 2:37:07 PM
Envelope: 1504988
Reviewer: Lynn G.

20. At the time of her forced resignation/ constructive termination, the Plaintiff was 64 years of age.

21. During the course of her employment, the Plaintiff was made fun of due to her age, with emails being circulated on August 21, 2017 sending out a "Silver Alert" for Plaintiff in the work place by her direct supervisor, Chris Dykeman and a manager.

22. Plaintiff was also repeatedly undermined and belittled by Dykeman who would almost daily and on a consistent basis intentionally cut her off, undermine her, make her feel small, and talk over her during meetings, making intentional comments about her in front of other staff so that they would treat Plaintiff less than due to her age.

23. Plaintiff complained about these behaviors to Human Resources, specifically Ms. Mills, who did not rectify the problem. Even on the last day of her employment, Dykeman intimidated and belittled Plaintiff excluding her, stating that only those that were important were apprized that Plaintiff's replacement, a younger thirty something female, was coming into the company Turkey passout.

24. As a result, the Plaintiff suffered increased stress and anxiety and had greater difficulty in the work environment performing the duties of her job.

25. This affected Plaintiff outside of work causing her great emotional distress outside of work, affecting her personal life, affecting her sleep, relationships with her family, friends, and other people of importance.

26. The actions of the Defendant created and fostered a hostile environment in which the Plaintiff was subject to discriminatory terms and conditions by her coworkers and superiors due to her age that was not addressed in any fashion by the Plaintiff's superiors, despite Plaintiff's reports.

27. The actions of the Defendant constitute constructive termination of the Plaintiff based on the hostile and discriminatory actions of his superior and the Defendant's failure to stop the actions of him due to her age.

WHEREFORE, The Plaintiff seeks a judgment against the Defendant as follows:

a. Compensatory damages to include amounts for pain and suffering, lost wages and other benefits

b. Punitive damages

c. Attorney's fees and cost.

3

Case Number: PC-2018-2670
Filed in Providence/Bristol County Superior Court
Submitted: 4/19/2018 2:37:07 PM
Envelope: 1504988
Reviewer: Lynn G.

Plaintiff,
By her attorney,

/S/ SONJA L. DEYOE
Sonja L. Deyoe #6301
Law offices of Sonja L. Deyoe
395 Smith Street
Providence, RI 02908
(401) 864-5877
sld@the-straight-shooter.com

4

Case Number: PC-2018-2670
Filed in Providence/Bristol County Superior Court
Submitted: 4/19/2018 2:37:07 PM
Envelope: 1504988
Reviewer: Lynn G.

| | |
|---|---|
| STATE OF RHODE ISLAND<br>PROVIDENCE, S.C., | SUPERIOR COURT |
| ANDREA CAMBIO | |
| v. | P.C.18- |
| INTERSTATE ELECTRICAL<br>SERVICES CORPORATION. | |

## JURY TRIAL DEMAND

Plaintiff hereby demands jury trial on all counts so triable.

Plaintiff,
By her attorney,

/S/ SONJA L. DEYOE
Sonja L. Deyoe #6301
Law offices of Sonja L. Deyoe
395 Smith Street
Providence, RI 02908
(401) 864-5877
sld@the-straight-shooter.com

1